This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO ex rel.**
**KARI E. BRANDENBURG,**

Petitioner-Appellant,

v.                                                    **No. 35,327**

**THE HONORABLE ROSEMARY**
**COSGROVE-AGUILAR,**
**METROPOLITAN COURT JUDGE,**

Respondent-Appellee,

and

**MAURICE JACKSON,**

Real Party in Interest.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Nan G. Nash, District Judge**

Chris Lackmann, Assistant District Attorney
Albuquerque, NM

for Petitioner-Appellant

Bennett J. Baur, Acting Chief Public Defender
Christopher Dodd, Assistant Appellate Defender
Albuquerque, NM

for Real Party in Interest

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

{1}     The State has appealed from an order of the district court denying its petition for peremptory writ of prohibition or supervisory control. We previously issued a notice of proposed summary disposition, proposing to affirm.

{2}     The State has filed a motion to dismiss the instant appeal, which is opposed. As grounds, the State contends that "the underlying legal issues are currently pending before the Second Judicial District Court in a direct appeal" from the metropolitan court's dismissal of the proceedings. [Mot. 1] The State suggests that allowing the parties to "first litigate the underlying legal issues" in the course of the appeal to the district court "would conserve . . . judicial resources." [Mot. 1] We disagree. In light of the State's expressed intent, dismissal of the instant appeal would conserve no resources; to the contrary, it would appear to invite relitigation of an issue, the merits of which have already been addressed by both this Court (in the notice of proposed summary disposition), and the district court (in its order denying the petition for peremptory writ of prohibition or supervisory control). Such an eventuality would waste, rather than conserve, judicial resources. *See generally Cordova v. Larsen*,

2004-NMCA-087, ¶ 10, 136 N.M. 87, 94 P.3d 830 (discussing the law of the case doctrine, under which a decision made at one stage of a case becomes a binding precedent in successive stages of the same litigation, thereby precluding unnecessary relitigation of legal issues); *Stroh Brewery Co. v. Director of N.M. Dep't of Alcoholic Beverage Control*, 1991-NMSC-072, ¶ 46, 112 N.M. 468, 816 P.2d 1090 (Montgomery, J., dissenting) ("The law of the case doctrine prevents relitigation of issues already determined; the policy underlying the doctrine is to conserve judicial and litigants' resources by avoiding repetitious litigation."). We therefore deny the State's motion to dismiss.

{3} Turning to the merits, the State has filed no memorandum in opposition, and the time for so doing has elapsed.

{4} Accordingly, for the reasons stated in our notice of proposed summary disposition, we affirm.

{5} **IT IS SO ORDERED.**


_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**

_____

**TIMOTHY L. GARCIA, Judge**